# UNITED STATES DISTRICT COURT

Southern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- | --- |
| v. | ) | |
| Stewart Barnwell | ) | Case Number: 20 CR 00445 (KMK) |
| | ) | USM Number: 07606-509 |
| | ) | Stephen R. Lewis, Esq. |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)   1

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 21 USC 846 | Narcotics Conspiracy | 9/2020 | 1 |
| 21 USC 841(b)(1)(B) | | | |

The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)   all open or pending   ☐ is   X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 4, 2022
Date of Imposition of Judgment

_/s/ Kenneth M. Karas_
Signature of Judge

Hon. Kenneth M. Karas, U.S.D.J.
Name and Title of Judge

10/5/22
Date

| | |
|---|---|
| DEFENDANT: | Stewart Barnwell |
| CASE NUMBER: | 20 CR 00445(KMK) |

Judgment — Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

188 months for Count 1. The Defendant has been advised of his right to appeal.

X   The court makes the following recommendations to the Bureau of Prisons:
It is recommended that the Defendant be designated to a facility nearest to the New York Metropolitan area. It is recommended that the Defendant participate in the BOP residential drug abuse treatment program (commonly referred to as the 500 hour substance abuse program) or an equivalent program.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Judgment—Page 3 of 7

DEFENDANT: Stewart Barnwell
CASE NUMBER: 20 CR 00445(KMK)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

5 years of supervised release for Count 1.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. X You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 3A — Supervised Release

Judgment—Page 4 of 7

DEFENDANT: Stewart Barnwell
CASE NUMBER: 20 CR 00445(KMK)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: Stewart Barnwell
CASE NUMBER: 20 CR 00445(KMK)

## SPECIAL CONDITIONS OF SUPERVISION

It is recommended that the Defendant is to be supervised by the district of residence.

The Defendant shall submit his person, residence, place of business, vehicle, and any property, computers (as defined in 18 USC 1030(e)(1)), electronic communications, data storage devices and/or other media under his control to a search on the basis that the Probation Officer has reasonable belief that contraband or evidence of a violation of the conditions of the defendant's supervised release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

The Defendant will participate in an out-patient treatment program at the discretion of the Probation Officer, which program may include testing to determine whether the Defendant has reverted to using drugs or alcohol. The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the Probation Officer. The Defendant will be required to contribute to the costs of services rendered (co-payment), in an amount determined by the Probation Officer, based on ability to pay or availability of the third-party payment.

DEFENDANT: Stewart Barnwell
CASE NUMBER: 20 CR 00445(KMK)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| TOTALS | $ | $ | |
|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page 7 of 7

DEFENDANT: Stewart Barnwell
CASE NUMBER: 20 CR 00445(KMK)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  X  Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States:
    Order of Forfeiture attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:
        - v. -                                    :     CONSENT PRELIMINARY ORDER
                                               OF FORFEITURE AS TO SPECIFIC
:     PROPERTY/ MONEY JUDGMENT
STEWART BARNWELL,
:     20 Cr. 445 (KMK)
        a/k/a "Tutu,"
:
        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       WHEREAS, on or about September 1, 2020, STEWART BARNWELL a/k/a "Tutu" (the "Defendant"), among others, was charged in a one-count Indictment, 20 Cr. 445 (KMK) (the "Indictment") with narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count One);

       WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Indictment, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

       WHEREAS, the Government seized the following property from the Defendant:

        a. One 14K yellow gold 28" "Cuban Link" chain, 4 link contain natural, lab grown and synthetic diamonds, valued at $24,600 in United States currency, seized from the Defendant on or about September 8, 2020, in Queens, New York;

b. One 18K yellow gold Rolex watch day/date Presidential and one 15k yellow gold 24" diamond link chain approximately 649 round full cut diamonds, seized from the Defendant on or about September 8, 2020 in Bronx, New York;

c. 2020 Jeep Gladiator Overload, VIN number: 1C6HJTFG0LL102270, seized from the Defendant on or about September 30, 2020 in Bronx, New York; 

d. $107,244 in United States currency seized from the Defendant on or about September 8, 2020, in Queens, New York; and

e. $3,800 in United States currency, seized from an individual after she collected it at the Defendant's direction (the "Specific Property");

(a. through d., collectively, the "Seized Property");

WHEREAS, on or about April 6, 2022, a Declaration of Administrative Forfeiture was entered, forfeiting the Seized Property to the Government;

WHEREAS, on or about June 2, 2022, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, (i) a sum of money in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment; and (ii) all right title and interest of the Defendant in the Seized Property and the Specific Property;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $221,518 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with co-defendant, Miguel Sanchez, and the forfeiture money judgment entered against him in this case on April 25, 2022;

WHEREAS, the Defendant further consents to the forfeiture of the Specific Property as proceeds of the offense charged in Count One of the Indictment;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, with the exception of the Seized Property and the Specific Property, cannot be located upon the exercise of due diligence; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, Derek Wikstrom, of counsel, and the Defendant, and his counsel, Stephen R. Lewis, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $221,518 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with co-defendant, Miguel Sanchez a/k/a "Miguel Roque", and the forfeiture money judgment entered against him in this case on April 25, 2022.

2. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is

hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant STEWART BARNWELL, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty

(30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. The Seized Property and ll Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____         10/4/22
    DEREK WIKSTROM                          DATE
    Assistant United States Attorney
    300 Quarropas St.
    White Plains, NY 10601
    (914) 993-1946


STEWART BARNWELL

By: _____         10/4/22
    STEWART BARNWELL                       DATE


By: _____         10/4/22
    STEPHEN R. LEWIS, ESQ.                 DATE
    Attorney for Defendant
    175 Main Street, Suite 800
    White Plains, New York 10601

SO ORDERED:

_____             10/4/22
HONORABLE KENNETH M. KARAS                DATE
UNITED STATES DISTRICT JUDGE