IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

STEWART BARNWELL

    Petitioner

Case number: 7:20-cr-00445-KMK

V.

UNITED STATES OF AMERICA

    RESPONDANT



MOTION FOR SENTENCE REDUCTION

PURSUANT TO 3582(c)(1)(A)

    COMES NOW, PETIONER, STEWART BARNWELL, files this motion to reduce sentence pursuant to Section 3582 (c)(1)(A). For the reasons herein petitioner would explain the extraordinary and compelling reasons that warrent relief. Petitioner ask this court to consider the facts of the instant case and provide the sentence that is applicable under the now current law.

Recent history

    petioner, was sentence by this court on October 4, 2022 to a term of 188 months, followed by five years supervised release. During sentencing the district court adopted the probations's designation of a career offender enhancement for two proior attempted robberies.

1

Legal analysis

The FIRST STEP ACT of 2018 amended it's policy pursuant to title 18 U.S.C 18 § 3582(C)(1)(A) to allow a court to entertain a defendant brought motion for compassionate release, after the defendant has fully exhausted all administrative rights to appeal. Futhermore the U.S sentencing commission enacted amended policy statement 1b1.13 expanding what consititutes extraordinary and compelling reasons. That updated version goes into effect on november 1, 2023.

Career offender enhancement

Section 4b1.1 of the guidelines provides the following definition of a "career offender.... The defendant is a career offender if (1) The defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controoled substance offense, and (3) the defendant has at least two prior felony convictions.

See U.S.S.G. § 4b1.1(a). Under the "force" clause, the Guidelines define a "crime of violence," in relevant part, as " any offense under federal or state law, punishable by imprisonment for a term exceeding one year, That... has an element the use, attempted use, or threatened use of physical force against the person of another." See U.S.S.G § 4b1.2 (a)(1). in addition, the guidelines enumerate the folowing offenses as "crimes of violence." Murder, voluntary manslaughter, Kidnapping, aggravated assualt, a forcible sex offense robbery, arson, extortion, or the use or unlawful possession of a firearm... or explosive material... " see U.S.S.G § 4b1.2 (a)(2).

In determing whether or not an offense is a proper predicate under

2

the career offender guidelines, federal courts apply a "categorical approach," which considers soely the scope of conduct prohibited by a criminal statue, rather than how that statue has been applied in the case- specific circumstances of a particular defendant. see, eg., united statesv. Davis, 139 s.ct. 2319, 2327-28 (2019).

Under categorical approach, an offense is not a valid predicate if the statue reaches conduct beyond that proscribed by the federal definition. see, eg, Descamps v. united states, 570 u.s 184, 190-91 (2013), Taylor v. united states, 495 u.s. 575 599-600 (1990).

The court for the 2nd circuit court of appeals has already applied the categorical approach and rendered precedential opinions regarding most of the New York state statues at issue in the instant case. For example, in United states v. Pereira-Gormez, 903 F.3d 155, 161-64 2nd cir. 2018. This circuits appeal court applied the categorical approach to find that attemted robbery in the second degree under N.Y. Penal law § 160.10 is not a crime of violence under the " enumerated offense" clause of the guidelines' defintion. As that court explained the federal generic definition of " robbery" requires that stolen property be taken " from the person or in the presence of" the owner or victim; yet no such element exsits under the New York robbery statue which deliberately revised it's penal code in 1961 to remove the presence requirement. see Pereira- Gomez, 903 F.3d at 163-64. Accordingly, N.Y Penal law § 160.10 is not a crime of violence under the guidelines " enumerated elements" cluase.

In United States v. Gibson 55 F. 4th 153. The court found that because Gibson did not involve no violence, no intended violence, nor any thought of violence, that his prior bank robbery conviction that a lenient sentence

3

was warrented. Petitioner was apprehended before he was able to rob or attempt to rob his victim. He might have never went through with the said robbery if the police would have not intervene. Furthermore Petitoner's attempted robbery conviction is not valid under Section 4b1.1 predicate The court in Pereira-Gomez held that second degree attempted robbery under N.Y. penal law section 160.10 is not a crime of violence under the guidelines " enumerated elements clause because it lacks the "presence" element required by federal generic robbery. at 163-64 903 F.3d.

Petitioner's prior attempted robbery was a third degree offense and since third degree is lower than a second degree his priors does not count under the penal law 160.10. A separate section of the Pereira-Gomez opinion held, however, that New York seecond degree attempted robbery is nevertheless a " crime of violence" under the guidelines "force" clause.

That latter finding, however, has since been abrogated by the U.S. Supreme court's holding in United States v. Taylor, 142 s.ct. 2015, 2020 (2023), which held that a attempted commit Hobbs Act robbery is categorically not a crime of vilence in 18 U.S.C section 924(c). That is so because a " substantial step" toward the commission of a robbery can be proven merely by an intent to bluff, which does not involve any use or attempted or threatened use of force. see id. at 2021: If, for example, the defendant is apprehended before he reaches his robbery victim and thus before he has actually engaged in threatening conduct ;.proof that his purpose to engage in such conduct can justify a conviction of attempted robbery so long as his intention and some other substantial step are present. " see id. at 2020-21; see also

4

people v. Lamont, 25 N.Y 3d 315, 319-20 (2015). Conviction of attempted second degree robbery under N.Y penal law section 160.10 upheld by New York Supreme court under circumstances essentially identical to the supreme court's hypothetical where men with bb guns intending to rob a wendy's were arrested prior to making any threat or otherwise using or attempting the use of force.

Accordingly, it is apparent in the wake of Taylor, that this conviction is not valid under section 4b1.1 using the categorical approach.

Extraordinary and compelling reasons

The above argument couple with the fact the Petitioner's two prior's were imposed on the same day for attempted robbery only counts as a single sentence. In Buford V. United States, 532 U.S. 59, 121 s. ct. 1276, 149 L. Ed.2d 197 (2001), for the propositions that a sentencing judge must count as a single prior felony conviction all those priors are related to one another" and that " prior's are related to one another when, inter alia they were consolidated for sentencing 4A1.2 (a)(2)(B) because he was sentenced on the same day for the two convictions his sentence should not have been considered separate sentences, defendant did not have two prior felony convictions for purposes of career offender guidelines.

Single sentence

Section 4A1.1 (e) in a case in which the defendant received two or more prior sentences as a result of convictions for crimes of violence that are treated as single sentence (see section 4A1.2 (a) (2). one point is added under section 4A1.1 (e) for each such sentence that did not result in any additional points under section 4A1.1 (a) (b) or (c) A total of up to 3 points may be added under section 4A1.1 (e). for purposes of this guideline " crime of violence" has the meaning given

that term in section 4B!.2(a). see section 4A1.2 (p).

For example, a defendant's criminal history includes two robbery convictions for offenses committed on different occasions. The sentences for these offenses were imposed on the same day and are treated as a single prior sentence. see section 4A.1.2 (a)(2).

Furthemore, the sentence court erred when it applied 10 criminal history points to petitioner. his two attempted robbery prior's should be counted as a single sentence as well as the two condictional discharges that in september 2013 he was sentence for. If added correctly petitioner's (2) points for the assualt in the third degree (3) for the attempted robberies " single sentence" and (1) point for the two condictional discharges equals 6 criminal history points which puts him at a category 3. So without the career offender enhancement he would receive a much lower sentence.

## CONCLUSION

The extraordiary and compelling reasons listed above makes Petitioner ripe for a sentence reduction His career offender enhancement is invalid and because of the decision in Taylor further makes his sentence one that is a disparity amongs others. For the reasons herein the Petitioner asks this court grant this motion.

SINCERELY,

STEWART BARNWELL
P.O. BOX 300
U.S.P CANAAN
WAYMARY, PA 18472

The motion for a reduced sentence under 18 U.S.C. Section 3582 is denied. This provision principally allows for "compassionate release" when a defendant establishes that there are "extraordinary and compelling reasons" for early release, and if the Court determines early release is appropriate after considering all the factors in 18 U.S.C. Section 3553(a). This provision is not the means to challenge the legality of a sentence, which is to be done pursuant to 18 U.S.C. Section 2255. See US v. Perez, 129 F.3d 255, 258-59 (2d Cir. 1997). Yet, that is precisely what Mr. Barnwell is trying to do, claiming that he should not have been deemed a career offender. Thus, the application is denied for this reason alone. However, the application is also denied because Mr. Barnwell waived his right to legally challenge any sentence below the Guidelines range to which he stipulated (235-293 months) and he was sentenced to 188 months' imprisonment. And, even if not waived, the application is meritless because Mr. Barnwell is a career offender because robbery in the third degree is a crime of violence, see US v. Moore, 916 F.3d 231, 240 (2d Cir. 2019), and so too is attempt. See U.S.S.G. 4B1.2 cmt. n.1. Finally, consideration of the Section 3553(a) factors counsels against early release, which would undermine general deterrence and respect for the law.

So Ordered.
11/2/23

6

## CERTIFICATE OF SERVICE

I swear that all the above and herein is true and that a copy has been sent via post office U.S postal service to the District court house in white plains New York 10601-4150, located on Quarropas street on this _Tuesday_ day of August _22_ 2023.

*Stewart Barnwell*
STEWART BARNWELL

7

Stewart Barnwell #07606-509
Canaan U.S.P
P.O. Box 300
Waymart, PA, 18472

RECEIVED
AUG 28 2023
USDC
WP

Clerk of court
United States court house
300 Quarropas Street
White Plains, N.Y. 10601